**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Kenneth R. Loughead, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER OF DISMISSAL** |
| vs. | ) | |
| | ) | Case No. 4:10-cv-052 |
| Gerald "Ole" Olson; three yet unnamed | ) | |
| Wrecker Drivers; Jeff Balentine, Minot | ) | |
| Chief of Police; yet unnamed Police Shift | ) | |
| Officer; and yet unnamed Police Person, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendants' "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" filed on July 23, 2010, and the Plaintiff's "Motion for More Definite Statement" filed on July 29, 2010. See Docket Nos. 3 and 5. The Defendants filed a response to the Plaintiff's motion on August 9, 2010. See Docket No. 7. The Plaintiff filed a response to the Defendants' motion on August 13, 2010. See Docket No. 8. The Defendants filed a reply brief on August 18, 2010. See Docket No. 10. For the reasons set forth below, the Plaintiff's motion is denied and the Defendants' motion is granted.

**I.      BACKGROUND**

The plaintiff, Kenneth Loughead, commenced this action on June 30, 2010, against the Defendants under 42 U.S.C. § 1983 for allegedly violating his rights under the Fourth and Fourteenth Amendments. See Docket No. 1. In his complaint, Loughead alleges the three unnamed Defendant wrecker drivers, working for Defendant Gerald "Ole" Olson, towed three vehicles from his residence without providing him with notice or authorization. Loughead asserts "[s]everal

uniformed & armed Police were present & on duty" when the vehicles were removed.  <u>See</u> Docket

No. 1, p. 4.  Loughead also contends Olson has "exclusive monopolistic agreements to do all the

towing for Minot (City of) & Ward County, & the N.D. Highway Patrol."  <u>See</u> Docket No. 1, p. 2.

Loughead requests the following relief:

> I want the court to order Gerald Olson DBA several interrelated companies to reimburse me $60,000 for the 3 vehicles & their contents they illegally towed from property.  Plus $100,000 for traumatic & emotional distress, embarrassment, humiliation.  Plus $100,000 for his obstructing Discovery.  $100,000 from each participant of Minot Police Dept who has Supervisory Responsibility & Supervisory Liability & for each police person present who witness the unlawful felony theft of my 3 vehicles & their contents.  I want the 3 Tow Trucks used to unlawfully remove my 3 vehicles & contents from my property or their Fair Market Value then as a Deterrent to Flagrant Thefts, plus whatever additional amounts this court deem appropriate for the flagrant Civil Rights Violations of a disabled Senior Citizen.

<u>See</u> Docket No. 1, p. 5.

The Defendants filed a "Motion to Dismiss for Failure to State a Claim Upon Which Relief

Can be Granted" on July 23, 2010.  <u>See</u> Docket No. 3.  The Defendants contend Olson and the

wrecker drivers are private individuals and did not act under color of law, the police officers are

entitled to qualified immunity, and the complaint lacks an essential element: absence of an adequate

state law remedy.  In response, Loughead filed a "Motion for More Definite Statement," asking, "To

Which part of Rule 12 F.R. Civ. P. is this Defense attorney referring."  <u>See</u> Docket No. 5.  In their

response, the Defendants indicate their motion was filed under Rule 12(b)(6).  <u>See</u> Docket No. 7.

In Loughead's response to the Defendants' motion, he contends Olson and the unnamed wrecker

drivers were acting as state actors, the police officers do not have qualified immunity because they

were acting unlawfully, and that his complaint states all the essential elements.  <u>See</u> Docket No. 8,

p.1.

**II.      PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT**

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of a pleading if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response."  In response to Loughead's motion, the Defendants provided a more definite statement, that their motion was filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Accordingly, the Plaintiff's motion is **DENIED**.

**III.     DEFENDANTS' MOTION TO DISMISS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates dismissal of a complaint if there has been a failure to state a claim upon which relief can be granted.  In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)) (internal quotations removed).  A plaintiff must show "that success on the merits is more than a 'sheer possibility.'"  Id. (citing Ashcroft, 129 S. Ct. at 1949).  A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Ashcroft, 129 S. Ct. at 1949).  The court must accept all factual allegations as true, except for "legal conclusions or 'formulaic recitation of the elements of a cause of action.'"  Id. (quoting Ashcroft, 129 S. Ct. at 1949).  The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. (quoting Ashcroft, 129 S. Ct. at 1950).

The Court notes that Loughead is appearing pro se.  Pro se litigants are held to lesser pleading standards than other parties and pro se complaints are to be liberally construed.  Whitson v. Stone County Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010).  However, a pro se complaint "still must allege sufficient facts to support the claim advanced."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981)).

Loughead alleges the Defendants violated 42 U.S.C. § 1983 by denying his civil rights under the Fourth and Fourteenth Amendments.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

It is well-settled that "in any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999).  42 U.S.C. § 1983 does not prohibit the conduct of private actors, "no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).  To show the required state action, Loughead must properly plead:

> both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a

person for whom the State is responsible," and that "the party charged with the
deprivation must be a person who may fairly be said to be a state actor."

Id. (quoting Lugar, v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)).

A.     DEFENDANTS GERALD "OLE" OLSON AND THREE YET UNNAMED
       WRECKER DRIVERS

The Defendants contend Loughead's complaint fails to state a claim with regard to Olson

and the three unnamed wrecker drivers because they are private individuals and not state actors. The

Supreme Court has recognized that private individuals can be considered state actors in a number

of circumstances, such as "where the state has delegated to a private party a power traditionally

exclusively reserved to the State, where a private actor is a willful participant in joint activity with

the State or its agents, and where there is pervasive entwinement between the private entity and the

state." Wickersham v. City of Columbia, Mo., 481 F.3d 591, 597 (8th Cir. 2007) (internal citations

and quotations omitted).  As the Eighth Circuit Court of Appeals explained in Wickersham:

> The one unyielding requirement is that there be a close nexus not merely between the
> state and the private party, but between the state and the alleged deprivation itself.
> No such nexus exists where a private party acts with the mere approval or
> acquiescence of the state, but a private entity may be considered a state actor if it has
> acted together with or has obtained significant aid from state officials in furtherance
> of the challenged action.

Id. (internal citations and quotations omitted).

Loughead alleges a close nexus exists between Olson and the wrecker operators and the state

because of Olson's "exclusive monopolistic" contract to conduct towing for the City of Minot, Ward

County, and the North Dakota Highway Patrol.  See Docket No. 8, p. 4.  However, the Supreme

Court explained in Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982), "Acts of such private

contractors do not become acts of the government by reason of their significant or even total

engagement in performing public contracts."   In <u>Rendell-Baker</u>, a private school's receipt of

government funding did not turn its teachers into state actors.  The school's fiscal relationship with

the state was much like the state's relationship with other contractors, thus there was no "symbiotic

relationship" between the school and the state.  <u>Id.</u> at 843.  Loughead has not alleged that Olson or

the wrecker drivers acted under the direction, or with the cooperation, of the police.  He alleges only

that Olson has an exclusive contract with the City of Minot and police personnel were present when

his vehicles were towed.  The Court finds that the alleged contractual relationship and mere police

presence are not enough to plausibly consider Olson and the wrecker drivers to be persons acting

under color of state law.  Accordingly, as to Defendants Gerald "Ole" Olson and the three unnamed

wrecker drivers, the Defendants' motion is **GRANTED.**


B.      **DEFENDANTS JEFF BALENTINE, POLICE SHIFT OFFICER, AND UNNAMED POLICE PERSON**

The Defendants contend Loughead's complaint fails to state a claim with regard to the police

personnel because they are entitled to qualified immunity.  A district court can dismiss a complaint

under Rule 12(b)(6) on the basis of qualified immunity "when the immunity is established on the

face of the complaint."  <u>Dornheim v. Sholes</u>, 430 F.3d 919, 926 (8th Cir. 2005) (quoting <u>Whisman</u>

<u>v. Rinehart</u>, 119 F.3d 1303, 1309 (8th Cir. 1997)).  "Government officials performing discretionary

functions are entitled to qualified immunity unless they violate clearly established statutory or

constitutional rights of which a reasonable person would have known."  <u>Whisman</u>, 119 F.3d at 1309

(citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).  The qualified immunity analysis involves

two steps: (1) "whether the plaintiff has alleged the violation of a constitutional right," and, if so,

(2) "whether that right was 'clearly established' at the time of the alleged violation."  <u>Id.</u> (citing

Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995); Weaver v. Clark, 45 F.3d 1253, 1255 (8th

Cir. 1995)).

The Eighth Circuit Court of Appeals has explained, "The better approach to resolving cases

in which the defense of qualified immunity is raised is to determine first whether the plaintiff has

alleged a deprivation of a constitutional right at all." Bradford v. Huckabee, 394 F.3d 1012, 1015

(8th Cir. 2005) (quoting County of Sacramento, Cal. v. Lewis, 523 U.S. 833, 841 n.5 (1998)).  The

Court finds that Loughead has not plausibly alleged the police personnel violated a constitutional

right.  The police present at the scene are not alleged to have done anything.  Loughead merely

asserts, "Minot Police in uniform and armed were present." See Docket No. 1, p. 1.  Balentine and

the shift officer are not alleged to have been present when the vehicles were removed.  Loughead

asserts, "The Chief of Police & Shift Officer of the Minot Police Dept. have personal Liability and

personal Responsibility for all police person's actions & conduct under their command." See

Docket No. 1, p. 2.  Loughead does not allege that his vehicles were taken at the direction, or with

the cooperation, of any member of the Minot Police Department.  Taking the facts alleged in his

complaint as true, Loughead has not stated a plausible claim that Balentine, the shift officer, or an

unnamed police person have violated his constitutional rights.  Accordingly, the Court finds they

are entitled to qualified immunity and the Defendants' motion is **GRANTED** as to Defendants Jeff

Balentine, unnamed Police Shift Officer, and unnamed Police Person.


### C.      INADEQUACY OF STATE REMEDIES

The Defendants contend Loughead's complaint is missing an essential element, that state

procedural remedies are inadequate.  The Eighth Circuit Court of Appeals explained in Birkenholz

v. Sluyter, "Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an element of that claim that state procedural remedies are inadequate." Birkenholz, 857 F.2d 1214, 1217 n.5 (8th Cir. 1988) (quoting Marino v. Ameruso, 837 F.2d 45, 47 (2d Cir. 1988)).  To the extent Loughead alleges a deprivation of his property without due process in violation of the Fourteenth Amendment, he has failed to include this essential element in his complaint.  He claims the Minot City Attorney and the Defendants' counsel have "refused to provide Discovery," but the complaint is silent as to the adequacy of Loughead's state law remedies.  Accordingly, the Defendants' motion is **GRANTED**.

## III.     CONCLUSION

For the reasons set forth above, the Court **DENIES** Loughead's "Motion for More Definite Statement" (Docket No. 5), **GRANTS** the Defendants' "Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted" (Docket No. 3), and **DENIES AS MOOT** the Defendants' "Motion to Stay Discovery Pending Resolution of Motion to Dismiss" (Docket No. 11). There are state civil and criminal remedies available to Loughead to address his claims of wrongdoing.

**IT IS SO ORDERED**.

Dated this 10th day of September, 2010.

> */s/  Daniel L. Hovland*
> Daniel L. Hovland, District Judge
> United States District Court